# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DANIEL HELLMUTH,　　　　　　　　　　　　　　Case No. 1:19-cv-258

　　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　　　　　Black, J.
v.　　　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.

CITY OF TRENTON, et. al.,

　　　　Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiff initially filed this case against eight Defendants in the Butler County Court of Common Pleas, but on April 9, 2019, the Defendants timely removed the case to this Court. Pursuant to local practice, the case has been referred to the undersigned magistrate judge.

On July 24, 2019, Plaintiff filed a motion seeking the recusal of the undersigned. The only basis stated for disqualification was the undersigned's adverse ruling in a prior case filed by Plaintiff, Case No. 1:18-cv-397.[1] The undersigned denied Plaintiff's first motion for recusal on July 29, 2019, explaining:

> [D]isagreement with the undersigned's prior legal analysis provides no basis for recusal in this case. See *United States v. Campbell*, 59 Fed. Appx. 50, 52 (6th Cir. 2003) (holding that prior adverse rulings by a judge "will almost never serve as a valid basis for recusal and are most often simply grounds for appeal.") (*citing Liteky v. United States*, 510 U.S. 540, 555 (1994)). The undersigned has carefully considered all other possible reasons for recusal or disqualification under 28 U.S.C. § 455, and finding none, will deny Plaintiff's motion.

---

[1] The presiding district judge adopted the Report and Recommendation filed by the undersigned magistrate judge on February 26, 2019, dismissing the case with prejudice. However, Plaintiff's appeal of that decision to the Sixth Circuit Court of Appeals remains pending. The undersigned notes that U.S. Magistrate Judge Karen Litkovitz also recommended dismissal of a different prior case filed by Plaintiff, Case No. 1:18-cv-340, and her Report and Recommendation was also adopted by the presiding district judge. Plaintiff's appeal of that decision also remains pending.

1

(Doc. 19). The following week, on August 5, 2019, the undersigned filed a Report and Recommendation ("R&R") which recommended that Plaintiff's construed motion for remand to state court be denied, that Defendants' motion for Judgment on the Pleadings be granted, and that this case be dismissed in its entirety with prejudice. (Doc. 20). In addition to filing formal objections, which remain pending along with the R&R, Plaintiff has filed a second "motion for recusal" on August 19, 2019. (Doc. 22).[2]

Notwithstanding Plaintiff's attempt to re-write his motion, Plaintiff's second motion presents no new grounds for recusal beyond those presented in his first motion. Thus, Plaintiff again bases his allegations of "personal bias" against Plaintiff by the undersigned magistrate judge primarily, if not exclusively, upon the adverse rulings made by the undersigned in Case No. 1:18-cv-397. Plaintiff specifically asserts that the undersigned "erroneously and unfairly judicated case 1:18-CV-00397 by ignoring and dismissing all claims against the defendants in that case, demonstrating her personal unfairness and bias against Daniel L. Hellmuth, Pro Se being a Pro Se litigant and letting her friendship with Butler County Common Pleas Court Magistrate Lynn Bush-Heyman taint her decisions against Daniel L. Hellmuth, Pro Se." (*Id.* at 4). However, as reflected in the R&R filed in Case No. 1:18-cv-397, the recommended dismissal of that case was based upon a lack of federal subject matter jurisdiction over the asserted claims, and alternatively, based upon the *Rooker-Feldman* doctrine and absolute judicial immunity as to rulings made by the state court magistrate in the underlying state court case.

For the reasons previously stated in the order of July 29, 2019, the grounds

---

[2] On the same date, Plaintiff filed a substantially similar motion in Case No. 1:19-cv-303. A separate order has been filed this same day in that case.

asserted by Plaintiff provide no additional basis for recusal of the undersigned magistrate judge. As the Supreme Court explained in *Liteky v. United States*:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. See *United States v. Grinnell Corp.,* 384 U.S., at 583, 86 S.Ct., at 1710. In and of themselves (*i.e.,* apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Id.*, 114 S.Ct. 1147, 1157, 510 U.S. 540, 555 (1994).

Finally, it is noted that although Plaintiff's second motion for recusal is captioned as again seeking the "recusal of Magistrate Stephanie Bowman," within the body of that motion Plaintiff has included a reference to seeking "**RECUSAL OF JUDGE MICHAEL BARRETT AND MAGISTRATE STEPHANIE BOWMAN**." (*Id.* at 1, emphasis original). Aside from this single reference to Judge Barrett, Plaintiff's memorandum contains no other references to Judge Barrett. By contrast, the motion includes five references to the undersigned magistrate judge's name, along with the use of feminine pronouns intended to refer to the undersigned. (*See, e.g.*, Doc. 22 at 4, "her" alleged "personal unfairness and bias."). While Plaintiff's asserted grounds for the recusal of the undersigned remain unpersuasive, his grounds for the recusal of the presiding district judge are wholly non-existent. Because this second motion presents no new grounds and is duplicative as to

3

the undersigned judge, and frivolous as to the presiding district judge, Plaintiff is forewarned that any additional repetitive motions will be subject to summary denial.

**II. Conclusion and Order**

Accordingly, **IT IS ORDERED THAT**:

Plaintiff's motion for recusal (Doc. 21) is DENIED.

                                              *s/ Stephanie K. Bowman*
                                              Stephanie K. Bowman
                                              United States Magistrate Judge